**Elena C. MIRANDA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3005.

United States Court of Appeals,
Federal Circuit.

June 7, 2002.

Before LINN, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Elena C. Miranda petitions for review of the decision of the Merit Systems Protection Board ("Board"), affirming the decision on reconsideration of the Office of Personnel Management ("OPM") that she is not entitled to survivor benefits under the Civil Service Retirement Act ("CSRA"), 5 U.S.C. §§ 8331–8351 (2000). *Miranda v. Office of Pers. Mgmt.,* No. SE–0831–00–0297–I–1 (Nov. 6, 2000), *aff'd,* 90 M.S.P.R. 454, No. SE–0831–00–0297–I–1 (Aug. 23, 2001). Because the Board's decision that Ms. Miranda is not entitled to survivor benefits is supported by substantial evidence and is not otherwise improper, we *affirm.*

I.

In order for the surviving spouse of a deceased government employee to be entitled to survivor benefits under the CSRA, the deceased employee must have been employed in one of three situations. The first is where the deceased spouse had completed at least 18 months of federal civilian service and died while in service. 5 U.S.C. § 8341(d) (2000). The second is where the deceased spouse was an annuitant who had elected a reduced annuity with a survivor benefit. 5 U.S.C. § 8341(b)(1) (2000). The third is where there is no entitlement to an annuity and the deceased spouse had unrefunded retirement contributions. *See* 5 U.S.C. § 8342(d) (2000). In the third situation, a survivor is entitled to a single lump sum

payment of the unrefunded contributions. *Id.*

Ms. Miranda is the surviving wife of Bernardo F. Miranda. She seeks survivor benefits based on the service of her deceased husband to the United States Navy. The record shows that Mr. Miranda was employed continuously in the Philippines by the United States Navy as a civilian from an unspecified time before August 14, 1966 until December 8, 1980. Mr. Miranda initially was employed under a temporary appointment not-to-exceed October 17, 1966. On August 14, 1966, Mr. Miranda's appointment status was converted to indefinite with excepted employment. Mr. Miranda served under this indefinite appointment until his final separation on December 8, 1980. Mr. Miranda died on August 17, 1998.

On July 10, 1998, several weeks before his death, Mr. Miranda submitted an "Application for Deferred Retirement" to OPM. OPM denied the application. After Mr. Miranda's death, Ms. Miranda requested reconsideration of the claim and survivor benefits for herself. By final decision dated May 1, 2000, OPM denied Ms. Miranda's request. Upon reconsideration, the Board affirmed OPM's decision. *Miranda*, No. SE–0831–00–0297–I–1, slip op. at 1 (Aug. 23, 2001). The Board found that Ms. Miranda was not entitled to survivor benefits because Mr. Miranda did not die while in service to the Navy, was not an annuitant and did not have unrefunded contributions to the Civil Service Retirement and Disability Fund. *Miranda*, No. SE–0831–00–0297–I–1, slip op. at 3 (Nov. 6, 2000).

## II.

We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). A review for substantial evidence involves examination of the record as a whole, weighing "evidence that both justifies and detracts from an agency's decision." *In re Gartside*, 203 F.3d 1305, 1312, 53 USPQ2d 1769, 1773 (Fed.Cir.2000). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent the Board's findings from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 619–20, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

There is no dispute that Mr. Miranda did not die while in service. Therefore, for Ms. Miranda to be entitled to survivor benefits, she must show either that Mr. Miranda was an annuitant who had elected a reduced annuity with a survivor benefit, or that Mr. Miranda died with unrefunded contributions to the Civil Service Retirement and Disability Fund.

For Mr. Miranda to be considered an annuitant under the CSRA, the record would have to show that Mr. Miranda completed at least five years of *creditable* service ending with at least one year of *covered* service in the final two years of employment. 5 U.S.C. § 8333(a)-(b) (2000); *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed.Cir.1995). Federal service is *creditable* if an individual meets the general definition of "employee" in 5 U.S.C. § 2105 (2000). It is undisputed that Mr. Miranda's service was creditable.

Federal service is *covered* for purposes of the CSRA if it is not specifically excluded from coverage by law or regulation. *See Rosete*, 48 F.3d at 516. Temporary and indefinite positions are not covered

because they are specifically excluded from covered service under the CSRA. 5 C.F.R. § 831.201(a)(13) (2002); *Rosete,* 48 F.3d at 518–20. Additionally, service for which employees do not deposit part of their pay into the Civil Service Retirement and Disability Fund is excluded from covered service under the CSRA. *Rosete,* 48 F.3d at 516.

Upon review of Standard Form 50 "Notification of Personnel Action" forms ("SF–50s") documenting Mr. Miranda's civilian service to the Navy, the Board determined that Mr. Miranda's service was excluded from covered service under the CSRA as either "temporary" or "indefinite." *Miranda,* No. SE–0831–00–0297–I–1, slip op. at 5 (Nov. 6, 2000). In addition, despite Ms. Miranda's submission of one document which showed "employee contributions" between 1975 and 1980 for Mr. Miranda, *id.* at 3 n. 8, the Board found that the record did not indicate that contributions to the Civil Service Retirement and Disability Fund had ever been withheld from Mr. Miranda's pay. *Id.* at 3. The Board found that there was "nothing on the face of [the] document which indicates the nature of [the] contributions or to whom they were made." *Id.* at 3 n. 8. The Board inferred "that they were contributions to the Philippine Social Security System or its equivalent," based in part on the OPM representative's statement that "had [Mr. Miranda] made CSRS contributions, they would have been reflected on a Standard Form 2806, Individual Retirement Record." *Id.* at 4 n. 8 (internal quotations omitted). Based on this evidence, the Board concluded that Mr. Miranda was not an annuitant, that Mr. Miranda had no unrefunded contribution to the Civil Service Retirement and Disability Fund and thus that Ms. Miranda was not entitled to survivor benefits.

Ms. Miranda has given us no reason to conclude that the evidence relied on by the Board was incomplete or not "such evidence as a reasonable mind might accept as adequate to support the conclusion reached." Consequently, we find the Board's denial of benefits to be supported by substantial evidence and not otherwise improper. On this record, we must *affirm.*

## COSTS

No costs.